# City Court.

*Special Term—July*, 1885.

## BRIGGS *against* BERLS.

The defendant obtained a warrant for the arrest of one Clarke for keeping a disorderly house, and for the arrest of "all vile and improper persons found on the premises,"—this being the usual form of warrant in such cases. The plaintiff was arrested by the police under this warrant. *Held*, that as he was not named in it the defendant was not liable.

*Grab net* warrants condemned.

McADAM, Ch. J.—The complaint made by the defendant before the police magistrate charged one Clarke with keeping a disorderly house at No. 602 Sixth avenue, and prayed for a warrant against Clarke and "all vile, disorderly and improper persons found upon said premises." The magistrate issued his warrant upon this complaint, but it is nowhere alleged that the defendant applied for or in any manner directed the arrest of the plaintiff, or that he was mentioned *eo nomine* in the warrant. Under such circumstances, the defendant, although perhaps the indirect cause of the plaintiff's arrest, is in no manner legally responsible for it, as it was not the legitimate or necessary consequence of her act. If the plaintiff was illegally arrested and imprisoned upon the complaint made by the defendant, it was in consequence of the improper conduct of the police in executing lawful process in an illegal manner, and in failing to discriminate as to the true offenders, for which indiscretion the officer and not the defendant is liable. If the plaintiff was not vile and disorderly, he was in no way referred to in the complaint or warrant. If he was either, he was properly arrested,

irrespective of the motive in making the charge against Clarke.

These "grab net" warrants are innovations on every sound principle of law, and the police should be very careful against whom they execute them, for if they arrest innocent persons the warrant will afford no protection to the officer. But this concerns only the police, and not the defendant, who gave no direction concerning the method in which the warrant should be executed, and in no way designated the plaintiff as a proper subject for arrest. The defendant made no charge against the plaintiff, and, for all that appears to the contrary, never heard of him prior to the arrest. His arrest was probably improper, but the officer and not the defendant is answerable for this, for the reasons before stated.

It follows, therefore, that the count for malicious prosecution cannot be maintained, and that the demurrer thereto must be sustained, with costs.